IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALBERT L. GARDNER,

    Defendant.                                        Case No. 99-cr-30022-11-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

        Defendant Albert L. Gardner filed two *pro se* Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, pursuant to **18 U.S.C. § 3582** (Docs. 568 & 573), as well as a *pro se* Motion For Emergency Bond (Doc. 569). Administrative Order No. 102[1] was issued in this case (Doc. 570) and the Office of the Federal Public Defender ("FPD") for the Southern District of Illinois was appointed to represent Defendant in this matter for the purposes of determining whether a reduction of sentence pursuant to **18 U.S.C. § 3582** was appropriate.

        Before the Court is the FPD's Motion to Withdraw (Doc. 609), on the basis that the FPD can make no non-frivolous arguments in support of a reduction

---

[1] Administrative Order No. 102, dated December 19, 2007, instructs the Clerk of the Court to appoint the Federal Public Defenders Office to represent each defendant who files a motion for reduction of sentence based upon the amended advisory sentencing guidelines regarding the disparity between sentences for convictions of powder cocaine offenses versus crack cocaine offenses (*see* United States Sentencing Guidelines § 2D1.1).

pursuant to 18 U.S.C. § 3582(c). **See Anders v. California, 386 U.S. 738, 744 (1967)**. The Court allowed Defendant time to file a response. To date, no response has been filed. The FPD has determined, after review of Defendant's case, that he is ineligible for a **§ 3582** sentence reduction. However, the Court notes that Defendant was released from the custody of the U.S. Bureau of Prisons last year. Thus, Defendant's the pending motion for a reduction in sentence is moot, because he has already served his original prison sentence. **See United States v. Forman, 553 F.3d 585, 589 (7th Cir.),** *cert. denied*, **129 S.Ct. 1924 (2009)**.[2]

---

[2] Even before the motion became moot, the Court lacked jurisdiction to grant a reduction pursuant to 18 U.S.C. § 3582(c)(2). **Section 3582(c)(2)** allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 994(o)**." In doing so, the Court must consider the factors set forth in **18 U.S.C. § 3553(a)** and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." **18 U.S.C. § 3582(c)(2)**. Thus, a defendant urging a sentence reduction under **§ 3582(c)(2)** must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. **United States v. Lawrence, 535 F.3d 631, 637-38 (7th Cir. 2008);** *see United States v. Forman*, **553 F.3d 585, 588 (7th Cir. 2009)**, *cert. denied*, **129 S. Ct. 2817 (2009)**. Defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 994(o)**." **18 U.S.C. § 3582(c)(2)**. Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. Amendment 715, effective May 1, 2008, further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense levels are determined in cases involving crack cocaine in combination with other controlled substances. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose relevant conduct was 4.5 kilograms or more of crack cocaine. **See Forman, 553 F.3d at 590 (stating that the amendment "affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine")**. Defendant was sentence based on relevant conduct that included more than 4.5 kilograms of crack cocaine - his relevant conduct was determined to be 20.52 kilograms of crack cocaine. Thus, the amendment did not lower his guideline range, and he cannot satisfy the first criterion under **18 U.S.C. § 3582(c)(2)** for obtaining a sentence reduction.

The Court therefore **GRANTS** counsel's Motion to Withdraw (Doc. 609) and thus **DISMISSES** as moot Defendant's *pro se* Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, pursuant to **18 U.S.C. § 3582** (Docs. 568 & 573), and **DENIES** as moot his *pro se* Motion For Emergency Bond (Doc. 569).  The Clerk is **DIRECTED** to mail a copy of this Order via U.S. mail to defendant Albert L. Gardner's last known address.

**IT IS SO ORDERED.**

Signed this 14th day of April, 2010.

/s/  David R. Herndon

**Chief Judge**
**United States District Court**